## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| PAMELA CARTER-FROST<br>2457 Derry Street<br>Harrisburg, PA 17111 )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>(A Municipal Corporation) )<br>441 Fourth Street, N.W. )<br>Washington, DC 20001 )<br>)<br>Defendant. )<br>)<br>Serve: Honorable Muriel Bowser, )<br>Mayor of the District of Columbia )<br>c/o Tabitha Braxton, Staff Assistant )<br>Gladys Herring, Executive Assistant; or )<br>Designated Representative )<br>Executive Office of the Mayor )<br>1350 Pennsylvania Avenue, N.W., Suite 316)<br>Washington, DC 20004 )<br>)<br>Serve: Honorable Karl A. Racine, )<br>Attorney General of the District of Columbia )<br>c/o Designated Representative )<br>Office of the Attorney General for D.C. )<br>441 Fourth Street, N.W. )<br>Washington, DC 20001 )<br>_____) | Civil Action No.:_____<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff Pamela Carter-Frost, by and through her undersigned counsel,

and sues Defendant District of Columbia for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1.  Plaintiff Pamela Carter-Frost ("Plaintiff" or "Ms. Carter-Frost") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.*; and 42 U.S.C. § 1981a, for relief from discrimination based on her gender, reprisal and subjection to a hostile work environment.

2.  Defendant District of Columbia ("Defendant") discriminated against Plaintiff during the course of her employment with the District of Columbia Metropolitan Police Department ("MPD" or "the Department").

## PARTIES

3.  Plaintiff Pamela Carter-Frost is currently domiciled at 2457 Derry Street, Harrisburg, Pennsylvania 17111, and is a United States citizen. At all relevant times, Ms. Carter-Frost was an employee of the Department.

4.  Defendant District of Columbia is a governmental organization and municipal corporation. The DCMPD is a subordinate agency of the District of Columbia government. Defendant is headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

5.  Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION

6.  This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* It

further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.*

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

8.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia.  28 U.S.C. § 1391.  Venue is further proper in this district because there is no other district in which this action may otherwise be brought.  *Id.*

9.      Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the MPD, which is headquartered in the District of Columbia.

## EXHAUSTION OF REMEDIES

10.     Plaintiff has exhausted all of her administrative remedies.

11.     On or around November 29, 2012, the Department issued Ms. Carter-Frost an Exit Letter.

12.     Ms. Carter-Frost provided the District with notice of her claims pursuant to D.C. Code 12-309 on or around March 19, 2013, which was supplemented on or around April 18, 2013.

13.     The Office of Risk Management issued Ms. Carter-Frost a letter, dated April 5, 2013, indicating her claims are "an EEOC matter and not a tort issue, therefore this claim would not be handled by the Office of Risk Management."

3

14.     In July 2013, Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a Charge of Discrimination with the alleging discrimination on the basis of her gender and reprisal and being subjected to a hostile work environment.  Ms. Carter-Frost's Charge was later amended on or around August 13, 2013. Plaintiff's Charge of Discrimination was also cross-filed with the District of Columbia Office of Human Rights ("DCOHR").

15.     Plaintiff timely files this action in accordance with the EEOC's Dismissal and Notice of Rights, dated March 17, 2015, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.  EEOC Charge No. 570-2013-00497.

## FACTS

16.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

17.     In August 2011, Ms. Carter-Frost was transferred from the CID Homicide Branch to CID Headquarters.

18.     Commander Kucik, Captain Samuel Snyder and Sergeant Stroman were Ms. Carter-Frost's supervisors.

19.     In Spring of 2012, Ms. Carter-Frost complained to Commander Kucik regarding Captain Snyder's preferential treatment of a similarly situated male Officer (A.L.), which included having his detail requests to work in a non-patrol unit granted every six (6) weeks.

20.     After her complaint, Commander Kucik denied Ms. Carter-Frost's request to take leave in July 2012.  Her request was submitted the prior year, in June 2011, and complied with the Department's procedures for leave requests.

4

21.     Similarly situated Officers (no known EEO activity) under the command of Commander Kucik who submitted leave requests, like J.Y., during the same time period as Ms. Carter-Frost had their leave granted by Commander Kucik.

22.     As a result of a negotiation resulting from a previous EEO complaint Ms. Carter-Frost filed against Sergeant Wanda Fisher, Sergeant Fisher was not to be in Ms. Carter-Frost's chain of command.

23.     However, in November 2012, the Department assigned Sergeant Fisher so that she was again placed within Ms. Carter-Frost's chain of command.

24.     Shortly after Sergeant Fisher's assignment, Ms. Carter-Frost's time and attendance records were audited, and she was placed under an administrative investigation.

25.     Similarly situated officers of a different protected class than Ms. Carter-Frost but who worked in the Criminal Investigation Division ("CID") were not placed under an administrative investigation or had their time and attendance records audited although each of the Officers signed in on the same time sheet.

26.     Additionally, in late November 2012, Ms. Carter-Frost was denied overtime or compensatory time.

27.     In December 2012, Ms. Carter-Frost was involuntarily detailed from CID Headquarter to the Forensics Unit.

28.     While at the Forensics Unit, Ms. Carter-Frost was assigned to a work space that did not have windows and did not have a telephone.  She was also assigned tasks that required her to work alone.

29.     Commander Kucik and Captain Snyder further denied Ms. Carter-Frost's request for Sundays and/or Mondays off.

30.     Upon information and belief, similarly situated officers (no known EEO activity) who worked at CID Headquarters under the same chain of command were permitted to take either Sunday, Monday or both days off.

31.     In February 2013, Ms. Carter-Frost was involuntarily detailed from the Forensics Unit to the Fifth District, which is a more dangerous detail.

32.     Although J.Y., a similarly situated male officer (no known EEO activity), was also under administrative investigation and had the same chain of command, he was not transferred out of CID, which is a Specialized Unit.

33.     In May 2013, Ms. Carter-Frost was ordered to attend a Commander's Conference and met with Commander Eldridge, who informed Ms. Carter-Frost that her detail to the Fifth District was to become permanent and that she would not be permitted to work out of a Specialized Unit.

34.     Upon information and belief, Commander Eldridge threatened Ms. Carter-Frost with termination if she appealed the Department's findings.

35.     After her involuntary detail to the Forensics Unit and until her retirement from the Fifth District, Ms. Carter-Frost was denied overtime or compensatory time by Commander Kucik and Captain Snyder and earned less income than she did while assigned to CID.

36.     Since Ms. Carter-Frost believes that the treatment and harassment she received was discriminatory and retaliatory, Ms. Carter-Frost sought relief by filing an internal EEO complaint as well as a Charge with the EEOC and DCOHR.

37.     Ms. Carter-Frost now timely files this Complaint for relief from the discriminatory treatment that she experienced as a result of the Department's conduct.

6

## CAUSES OF ACTION

### COUNT ONE
### (Employment Discrimination on the Basis of Gender)

38.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

39.     As a female, Plaintiff is a member of a protected class.

40.     Because of her gender (female), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including being unjustly investigated and having her records audited and being involuntarily detailed to Forensics Unit and Fifth District, under Title VII and the DCHRA.

41.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since she lost overtime pay and had a significant change in her duties and responsibilities.

42.     Defendant knew that Plaintiff is a female prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of her gender (female).

43.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (female).

44.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her gender (female).

45.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

46.     Similarly situated male officers have not been as severely disciplined, if at all, for the same, similar or more egregious conduct.

47.     Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward Plaintiff.

48.     Plaintiff's gender was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

49.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

50.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

51.     Defendant discriminated against Plaintiff because of her gender (female) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

52.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

53.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

54.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a.   Award compensatory damages;

   b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

   c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

   d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

   e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

   f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

   g.   Supervisory training for the supervisors at issue herein;

   h.   Award equitable, declaratory, and injunctive relief; and

   i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### (Employment Discrimination on the Basis of Retaliation)

55.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

56.     Beginning in early 2012, Plaintiff regularly complained to her supervisors, including Commander Kucik, and throughout her chain of command regarding the discriminatory and harassing treatment that she was experiencing.

9

57.     In November 2012, Plaintiff contacted the Department's Internal Affairs regarding the discriminatory, retaliation and harassment that she was being subjected to and filed an EEO complaint naming Commander Kucik, Captain Snyder, Sergeant Fisher and Sergeant Stroman.

58.     On or around July 2013, Plaintiff sought relief from the EEOC when she cross-filed her EEOC Charge.

59.     On or around August 2013, Plaintiff again sought relief from the EEOC when she cross-filed when she amended her EEOC Charge.

60.     Shortly after complaining, Plaintiff was subjected to being segregated from her coworkers, had her records audited, was placed under investigation, required to work alone, was given a work space with no phone or windows, denied leave, denied days off, denied overtime or comp time, involuntarily detailed to the Forensics Unit, and involuntarily detailed to the Fifth District, as well as other adverse actions alleged throughout this Complaint.

61.     Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII and the DCHRA.

62.     Defendant, including Plaintiff's supervisors and the selecting committee, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff, by an EEO representative, or otherwise engaged in the complaint process.

63.     The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

64.     Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

65.     The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to her co-workers who could and did observe the distress that it caused Plaintiff.

66.     Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII and the DCHRA.

67.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

68.     Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

69.     Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

70.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

71.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

72.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.  Award compensatory damages;

    b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g.  Supervisory training for the supervisors at issue herein;

    h.  Award equitable, declaratory, and injunctive relief; and

    i.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### (Hostile Work Environment)

73.    Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

74.    As a result of Plaintiff's protected status and participation in protected activity, Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

75.    Plaintiff was regularly and continually subjected to harassing conduct that included isolated, subjected to false accusations, stigmatized, segregated from her coworkers, had her

records audited, was placed under investigation, required to work alone, was given a work space with no phone or windows, denied leave, denied days off, denied overtime or comp time, involuntarily detailed to the Forensics Unit, and involuntarily detailed to the Fifth District, which created a hostile and abusive work environment, for over a year.

76.    Plaintiff believes that she was subjected to a hostile work environment based on her gender (female) and because of her engagement in protected activity.

77.    Defendant's unlawful conduct was unwelcome.

78.    Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

79.    Plaintiff was subjected to harassment because of her gender (female) and because of her engagement in protected activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

80.    Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

81.    By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

82.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

83.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

84.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

85.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

86.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.   Supervisory training for the supervisors at issue herein; and

d.   Such other and further relief as this Court deems just and proper.

<u>**JURY DEMAND**</u>

87.    Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:    *donna williams rucker/MK*

DONNA WILLIAMS RUCKER
   (D.C. Bar No. 446713)
MACKENZIE B. COY
   (D.C. Bar No. 1004847)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com
        mcoy@ruckerlawpc.com

June 16, 2015                                    Counsel for Plaintiff